**CALLAHAN & FUSCO** LLC
Attorneys at Law

103 EISENHOWER PARKWAY | SUITE 400
ROSELAND | NEW JERSEY | 07068 | 877-618-9770

Christopher S. Del Bove, Esq. | Associate
103 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068
877-618-9770 | F: 973-618-9772
cdelbove@callahanfusco.com

Roseland, NJ | New York, NY | Buffalo, NY | Philadelphia, PA | Ft. Lauderdale, FL | Tampa, FL

March 1, 2019

**VIA ECF & CERTIFIED MAIL**
Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

      Re:    **Sgt. Warren, Jameson v. Castella Imports, et al**
            **Docket No.: 2:18-cv-04740**

Dear Judge Lindsay:

      Pursuant to your local rules please accept this letter brief in support of Defendants Castella Imports, Clara Cortes, Chris Valsamos, Nicole Morello and Robert Roberts's (collectively "Defendants"), motion for Protective Order: striking Plaintiff's 241 paragraph Request for Admissions ("RFA"), or in the alternative, limiting Plaintiff's Requests. Attached hereto as "**Exhibit A**" is a copy of Plaintiff's RFAs. In sum, Plaintiff has taken his 302 paragraph "Verified" Complaint and cut and paste it into a 241 paragraph RFA. Per Your Honor's local rules, on February 13, 2019 the undersigned met and conferred with Plaintiff's attorney regarding his Request for Admissions via telephone.

- **Procedural and Factual History**

      This case involves a dispute regarding employment termination brought by Plaintiff under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C.A. §4301-4335, and the 5th and 14th Amendments to the United States Constitution and New York State law, against Defendants arising out of Defendants' decision to terminate Plaintiff's employment. Plaintiff filed his Complaint seeking monetary damages, a declaratory judgment, compensatory and punitive damages, among other costs and fees for the alleged wrongful termination. On January 30, 2019[1], Plaintiff served Defendants with a Request for Admissions and Demands for Document Production. Specifically, the Request for Admissions asks Defendants to ascertain the veracity of 241 paragraphs.

---

[1] As Your Honor may recall, Plaintiff served his RFAs before January 30, 2019 however Your Honor deemed all of Plaintiff's discovery served as of the date of the Initial Conference, January 30, 2019.

- **Legal Argument**

While the Federal Rules of Civil Procedure generally authorize broad discovery into "any non-privileged matter that is relevant to any party's claim or defense", they also insist upon a proportionality requirement that a judge must weigh when rendering a decision in a discovery dispute. Fed. R. Civ. P. 26(b)(1). However, R. 26(b)(1) further states that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)". Rule 26(b)(2)(C) notably states that:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Further, Rule 26(c) of the Federal Rules of Civil Procedure permits a court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense."

A party moving for a protective order on the ground of undue burden or expense "bears the burden of demonstrating that there is good cause for the order." Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (collecting case). The decision to enter a protective order is within the court's discretion, including what degree of protection is necessary when fashioning the protective order. Id. See also Thomas v. Int'l Business Machs., 48 F.3d 478, 482 (10th Cir. 1995); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). The party seeking a protective order has the burden of demonstrating good cause. Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857 (D. Colo. 2010).

Courts may issue protective orders when appropriate. Fed. R. Civ. P. 26(c). Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1). See Boyden v. Troken, 60 F.R.D. 625, 626 (N.D. Ill. 1973)(granting defendant's motion to strike plaintiff's interrogatories in Section 1981 case where plaintiff filed hundreds of interrogatories); Williams v. Bd. of County Comm'rs, 192 F.R.D. 698, 701-02 (D. Kan. 2000) (refusing to grant defendant employer's motion to compel when their interrogatories contained 117 subparts). Significantly, the district court in Boyden stated that "[w]hether plaintiff's method of procedure amounts to harassment, as defendants claim, or merely represents an optimistic attempt by plaintiff's counsel to have her adversary prepare her case for her in one convenient package need not be decided. In the interest of justice plaintiff should be required to discard this set of interrogatories and start over."

Judge Lindsay
March 1, 2019
Page 3 of 3

In the present matter, Plaintiff's 241-paragraph requests for admission, effectively mirrors Plaintiff's Complaint. By way of <u>limited</u> example:

- ¶1-3 of Plaintiff's RFAs, corresponding to ¶5 of Plaintiff's Complaint;
- ¶4 of Plaintiff's RFAs mirroring ¶10 of Plaintiff's Verified Complaint;
- ¶6 of Plaintiff's RFAs mirroring ¶11 of Plaintiff's Verified Complaint;
- ¶9-11 of Plaintiff's RFAs mirroring ¶29 and 30 of Plaintiff's Verified Complaint;
- ¶15-19 of Plaintiff's RFAs mirroring ¶31-32 of Plaintiff's Verified Complaint;
- ¶30-39 of Plaintiff's RFAs mirroring ¶ 44-50 of Plaintiff's Verified Complaint.

Further, contained in Plaintiff's voluminous requests for admissions include questions of law, undefined terms, or otherwise are not direct and specific. Generally the RFAs the following requests for admissions contain undefined terms, are not specific and direct, leading to confusion, or contain questions of law, which are improper for requests for admissions. For example, paragraphs 16 and 19 respectively request admissions that Defendants Nicole Morello and Robert Roberts, respectively, "had control over Plaintiff's employment opportunities." In sum, Plaintiff's requests are unclear.

Like in <u>Downs</u> and <u>Perez</u>, Plaintiff's RFAs in the present matter constitute harassment of Defendants through its rambling, nonspecific, and non-direct requests contained therein. As in <u>Downs</u>, Plaintiff's attempts at having Defendants admit or deny all 241 paragraphs of his RFAs are improper not merely because an overwhelming number of the requests contain undefined terms, are not direct or specific so as to eliminate confusion, or are questions of law, but also because it is not the function of RFAs to be a tool to harass Defendants and shift Plaintiff's burden of proving its prima facie case onto Defendants. Accordingly, Defendants respectfully request that a protective order be granted on behalf of Defendants and Plaintiff's 241-paragraph RFAs be barred; or in the alternative, be limited to fifty (50) requests for admissions.

For the foregoing reasons, Defendants respectfully request that a Protective Order be Granted barring, or in the alternative, limiting Plaintiff's Requests for Admissions.

Very truly yours,

CHRISTOPHER S. DEL BOVE

CDB/rt

cc: Cory Morris, Esq.