

*Via Electronic Case Filing Only*

March 18, 2019

To:  Hon. Arlene R. Lindsay, USMJ
     Eastern District of New York
     100 Federal Plaza
     Central Islip. NY 11722

*re*  **Warren v. Castella Imports et al.**
      **Docket No.: 2:18-cv-04740 (JFB-ARL);**

*issue*  **Plaintiff's Rule 37 Pre-Motion Letter to Compel a Response to**
         **Plaintiff's Document Discovery Demands**

Dear Hon. Judge Lindsay:

   Plaintiff submits this pre-motion letter pursuant to Federal Rule of Civil Procedure 37 and Local Rules 37.1 and 37.3 to request an Order compelling the production of all outstanding discovery due from the Defendants and to request an appropriate remedy pursuant to Rule 37 for Defendants failure to comply with the Court Ordered timeline for Document Discovery, agreements with Plaintiff's counsel and the Federal and Local Rules of Civil Procedure.

**Defendants did not respond to Plaintiff's Document Demands; Procedural History and Compliance with Your Honor's Individual Practice Rules**

   On or about August 22, 2018, Plaintiff filed a Verified Complaint. Plaintiff sent waivers of service, summons and a complaint to Defendants' Corporate Office on or about August 24, 2018.  Plaintiff sent additional courtesy copies of the complaint to Castella Imports' corporate offices on or about September 5, 2018. Plaintiff also provided Plaintiff's Initial Disclosures including hundreds of pages of documentation, on or about September 6, 2018.

   A stipulation was produced, entered and filed [D.E. 9] extending the time for Defendants to answer the complaint. On December 7, 2018 an answer was submitted on behalf of all Defendants. Plaintiff spoke with Defense Attorney Christopher Del Bove and the undersigned requested, several times, to meet and confer to create a proposed scheduling order to no avail. Plaintiff then drafted a

proposed scheduling order and sent the same to Defendants' counsel on December 21, 2018. After providing a template on December 21, 2018 and potential dates on the telephone, Defendants could not provide any date when Defendants could provide, *inter alia*, basic disclosure in this matter. Both parties were unable to reach any resolution and defense counsel stated he required more time and Plaintiff's counsel objected to this continued delay.

Plaintiff served Document Demands on December 4, 2018. Plaintiff served notices of deposition to take deposition testimony of any of the named Defendant witnesses on January 8, 2019. The Court Ordered that Plaintiff's demands were deemed filed on January 30, 2019. See D.E. 17. Defendants' deadline expired and Defendants did not even telephone or e-mail to ask for an extension of time to respond.

Plaintiff sent letters to defense counsel and then met and conferred with defense counsel on March 4, 2019. Defendants then asked for more time to respond to Plaintiff's Document Demands to which Plaintiff granted an extension until the end of the week, March 8, 2019. Defendants were to provide such responses electronically to ensure receipt on March 8, 2019. Defendants did not comply.

On March 11, 2019, Plaintiff sent a letter by USPS and electronic mail demanding that responses to Plaintiff's First Set of Document Demands be provided to Plaintiff on or before March 13, 2019. Defendants failed. To comply.

Plaintiff spoke to Defendants' counsel and extended yet another opportunity to cure Defendants' default. Defendants agreed that a response would be received on or before March 17, 2019, but never provided responses to Plaintiff's first set of document demands.

After more than three months, Defendants cannot claim they have not had enough time to respond. After successive time extensions and agreements, Defendants cannot claim their failure is not willful.

### Plaintiff Requests an Order to Compel Discovery

Plaintiff complied with Your Honor's individual rules and Local Civil Rule 37.3 prior to this request by having several telephone conversations with defense counsel for months and sending defense counsel e-mail messages and several formal letters demanding compliance with Plaintiff's Discovery Demands. The last conversation resulted in an agreement between both parties, but Defendants failed to comply.

Counsel for Plaintiff has been forced to expend many unnecessary hours in evaluating Defendants' non-specific answer and groundless boilerplate affirmative defenses and voluntarily providing Defendants at request of their counsel with sets of documents and formal settlement demands which Defendants have largely ignored.

"A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices." *Communispond. Inc* v. *Kelley*, 1998 WL473951 (S.D.N.Y. 1998); citing *Friends of Animals Inc.* v. *U.S. Surgical Corp.*, 131 F3d 332,

- 2 - | Page

334 (2nd Cir. 1997). Sanctions under Rule 37 are intended "to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. (citing *Selby* v. *Arms*, 1995 WL 753894 (S.D.N.Y. 1995)). Further, "a [p]arty that without substantial justification fails to disclose information required by Rule 26 shall not, unless such failure in harmless, be permitted to use as evidence at trial ... any information or witness not so disclosed" *Communispond, supra*, citing Rule 37 Fed.R.Civ.Proc.

Defendants cannot justify their failures to comply with Plaintiff's reasonable discovery demands. Compare with, e.g., D.E. 19.

### Conclusion

Plaintiff respectfully request that this Honorable Court extend the discovery schedule to allow only Plaintiffs to obtain discovery and compel the Defendants to comply with discovery by a date certain and produce the named Defendants for deposition without further delay.

In the alternative, Plaintiff respectfully request the opportunity to confer with the Court prior to filing a motion to compel discovery, seek reasonable attorney's fees and all other relief that this Court deems just and proper.

Plaintiff thanks the Court for considering this application.

Respectfully Submitted,

CORY H. MORRIS

cc:   Mitchell Ryan Ayes, Esq.              (*via electronic case filing only*)
cc:   Christopher Smith Del Bove, Esq.   (*via electronic case filing only*)

Law Offices of Cory H. Morris   •   Attorney & Counselor at Law

TEL: 631.450.2515  |  FAX: 631.223.7377  |  WEB: coryhmorris.com  |  EMAIL: info@coryhmorris.com