

*Via Electronic Case Filing Only*

April 29, 2019

To: Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District New York

Re: **Plaintiff's Fed. R. Civ. Proc. 37 Pre Motion Letter to Compel a Response to Plaintiff's Requests for Admission, Document Demands, and the Production of Defendants for Deposition;**

*Warren v. Castella Imports et al.* Docket No.: 2:18-cv-04740 (JFB-ARL)

Plaintiff submits this pre-motion letter pursuant to Federal Rule of Civil Procedure 37 and Local Rules 37.1 and 37.3 to request an Order compelling Defendants to complete production of all outstanding discovery and to request an appropriate remedy pursuant to Rule 37 for Defendants failure to comply with Court Ordered Discovery.

### Procedural History and Compliance with Your Honor's Rules

On or about August 22, 2018, Plaintiff filed a Verified Complaint. Plaintiff sent waivers of service, summons and a complaint to Castella Imports' Corporate Office on or about August 24, 2018. Plaintiff sent additional courtesy copies of the complaint to Castella Imports' corporate offices on or about September 5, 2018. Plaintiff also provided Plaintiff's Initial Disclosures including hundreds of pages of documentation, on or about September 6, 2018.

Plaintiff served Document Demands on December 4, 2018. Plaintiff served notices of deposition to take deposition testimony of any of the named Defendant witnesses on January 8, 2019. Plaintiff further served Requests for Admission.

The Court Ordered that Plaintiff's discovery demands were deemed filed on January 30, 2019. (D.E. 17) To date, Plaintiff is without a great deal of documentation responsive to Plaintiff's document demands' there is still no response to Plaintiff's Requests for Admission in violation of Court Order. Further, Defendants refuse to produce a single witness for deposition testimony. After successive time extensions, agreements, and Court Orders, Defendants cannot claim their failure is not willful.

Please send all mail to: 33 Walt Whitman Road, Suite 310 • Dix Hills, NY 11746
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

### Defendants refuse to respond to Plaintiff's Requests for Admission, produce named Defendants for deposition, provide a privilege log or appropriately respond to Plaintiff's Discovery Demands

Defendants sent incomplete discovery responses, withholding records and failing to produce a privilege log albeit claiming blanket privileges over unknown amounts of records, and what little has been provided was only produced in response to Plaintiff's March 18, 2019 (D.E. 21) application to this Honorable Court.

Plaintiff met and conferred with defense counsel, Christopher Del Bove, several times (inclusive of March 22, 2019, see **Exhibit 1**) who, on March 28, 2019 (see **Exhibit 2**) stated that withheld documentation, inclusive of the insurance policy is not "relevant," and that other documentation (inclusive of electronic mailings) would not be produced as Plaintiff's requests required him to "speak to his clients."

Plaintiff again met and conferred with defense counsel who stated that the responses to the Requests for Admission would be forthcoming (D.E. 23) well before today. As with previous agreements and applications, Defendants refuse to comply.

Plaintiff wrote letters to Defendants on April 3, 2019 (see **Exhibit 3**), and April 17, 2019 (see **Exhibit 4**) memorializing the meet and confer conversations where Defendants simply refuse to produce witnesses and state that discovery responses will be forthcoming but were not. Defendants still have not complied with the Court Order. Plaintiff called Mr. Del Bove this morning – this office is without a response.

Today is Plaintiff's deadline to amend the complaint or join necessary parties but Plaintiff cannot appropriately do so because Plaintiff is unable to obtain relevant and discoverable information pursuant to the Federal Rules of Civil Procedure. Should Plaintiff not obtain relief from this Honorable Court, Plaintiff will suffer prejudice.

### Plaintiff Requests an Appropriate Order to Compel Discovery

Plaintiff complied with Your Honor's individual rules and practices and Local Civil Rule 37.3 prior to this request by having several telephone conversations with opposing counsel over five months and providing opposing counsel e-mail messages and several formal letters demanding compliance with Plaintiff's Discovery Demands. The last conversations resulted in an agreement between both parties which the Defendants disregarded. Defendants still have not produced the responses to Plaintiff's Requests for Admission as ordered by This Honorable Court.

The process of discovery has been obstructed by the Defendants failure to properly respond to Plaintiff's discovery requests. Pursuant to Rule 26(b), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" Rule 26(b) has been generally construed to provide a great

deal of latitude for discovery. *Harris v. Nelson*, 394 U.S. 286, 297, 89 S.Ct. 1082, 1089 (1969); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391 (1947). A substantial number of hours have been expended by this office in evaluating Defendants' entirely negative answer, Defendants' incomplete discovery response(s), and providing Defendants with numerous documents and formal settlement demands which Defendants have largely ignored.

Rule 37, allows the Court to compel a Party to comply with its discovery obligations, if the Party fails to make disclosure as required by Rule 26. See Fed.R.Civ.Proc. Rule 37(a). In addition, Rule 37 allows the Court to impose sanctions on a Party for failing to comply with a Court's Order regarding discovery. See, Fed.R.Civ.Proc. Rule 37(b). "A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices." *Communispond, Inc v. Kelley*, 1998 WL 473951 (S.D.N.Y. 1998); citing *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2nd Cir. 1997). Sanctions under Rule 37 are intended "to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* (citing *Selby v. Arms*, 1995 WL 753894 (S.D.N.Y. 1995)). Further, "a [p]arty that without substantial justification fails to disclose information required by Rule 26 shall not, unless such failure in harmless, be permitted to use as evidence at trial ... any information or witness not so disclosed" *Communispond*, supra, citing Fed.R.Civ.Proc. Rule 37. Defendants cannot provide any justification for their failures.

### Conclusion

Plaintiff respectfully requests that this Honorable Court extend the discovery schedule to allow only Plaintiff to obtain outstanding discovery and, if necessary, amend Plaintiff's complaint and, further, that this Honorable Court compel the Defendants to comply with discovery by a date certain and not further delay the production of named Defendants for deposition. See, *Communispond, supra*; see also *New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462 (W.D.N.Y. 2002).

Plaintiff respectfully requests an Order compelling Defendants to provide outstanding discovery or, alternatively, the opportunity to confer with the Court prior to filing a motion to compel discovery, seek appropriate discovery sanctions and all other relief that this Court deems just and proper. We thank the Court for its kind consideration.

Respectfully Submitted,

CORY H. MORRIS

cc:   Mitchell Ryan Ayes, Esq.          (*via electronic case filing only*)
cc:   Christopher Smith Del Bove, Esq.  (*via electronic case filing only*)

Law Offices of Cory H. Morris • Attorney & Counselor at Law
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com