UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SGT. JAMESON WARREN, | Civil Action No.: 2:18-cv-04740-JFB-ARL |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| CASTELLA IMPORTS, CLARA CORTES, CHRIS VALSAMOS, NICOLE MORELLO AND ROBERT ROBERTS, | |
| Defendants. | |

To: Cory H. Morris, Esq.
   The Law Offices of Cory H. Morris
   33 Walt Whitman Rd., Suite 310
   Dix Hills, New York 11749

Counsel:

Defendants, CASTELLA IMPORTS, CLARA CORTES, CHRIS VALSAMOS, NICOLE MORELLO, AND ROBERT ROBERTS (hereinafter collectively referred as "Defendants") by and through their attorneys, Callahan & Fusco, LLC, pursuant to Rule 34, Federal Rules of Civil Procedure, hereby respond to Plaintiff's First Request for the Production of Documents as follows:

**I.   General Objections**

1.   Insofar as these Requests are overly broad and seek information that is neither relevant nor likely to lead to the discovery of relevant information that is neither relevant nor likely to lead to the discovery of relevant information, Defendants object.

2.   Insofar as these Requests seek information from a public agency and Plaintiff has such documents or has access to such documents, Defendants object.

3. Insofar as these Requests seek information from a public agency and Defendants have no authority to release or reveal such information, Defendants object.

4. Insofar as these Requests seek information likely to lead to the discovery of information protected from discovery by the attorney-client privilege, the work product doctrine, or Rule 26 of the Federal Rules of Civil Procedure, Defendants object.

## RESPONSES

**Request No. 1**: Provide a true and accurate copy of Plaintiff Jameson Warren's personnel file and Defendants Clara Cortes, Robert Roberts, Christopher Valsamos, And Nicole Morello's Personnel File(s) as maintained by Defendant employer Castella Imports.

**Response No. 1: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of relevant evidence because it seeks information unrelated to the subject incident or Plaintiffs alleged damages. Subject to and without waiving said objections, as to Plaintiff's personnel file, see the documents Bates stamped CASTELLA 101 to 356. Defendants specifically object to the production of Clara Cortes, Robert Roberts, Christopher Valsamos, and Nicole Morello's personnel file based upon protected HIPAA, relevancy, and confidential personal information. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 2:** Provide true and accurate copies of notes, memoranda, electronic mails, forms, and other COMMUNICATIONS created by Defendants regarding Plaintiff Jameson Warren disciplinary history while employed at Castella Imports.

**Response No. 2: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants further object to this request to the extent it seeks documents and information protected by the attorney client privilege and work product doctrine. Subject to and without waiving Defendants' objections, see Defendants' response to Demand No 1. To the extent additional relevant documents that are response to this request exist, Defendants will produce on a rolling basis upon identification. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 3:** Provide accurate copies of any and/or all diagnostic tests, scores, performance reviews, and/or other metrics used to gauge employee ability and performance in place at Castella Imports regarding Plaintiff Jameson Warren.

**Response No. 3: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of relevant evidence because it seeks information unrelated to the subject incident or Plaintiffs alleged damages. See Defendants' response to Demand No 1.**

**Request No. 4:** Provide true and accurate copies of all disciplinary action, including but not limited to write-ups, reduction in hours worked, and/or changes in shift schedule regarding Plaintiff Jameson Warren

**Response No. 4: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of relevant evidence because it seeks information unrelated to the subject incident or Plaintiffs alleged damages. See Defendants' response to Demand No 1.**

**Request No. 5:** For any documents provided under Document Request NO. 4, provide all documents, notes, memoranda, performance reviews, electronic mail, and/or other COMMUNICATIONS used by Defendants to support disciplinary action against Plaintiff Jameson Warren.

**Response No. 5: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants further object to this request to the extent it seeks documents and information protected by the attorney client privilege and work product doctrine. Subject to and without waiving Defendants' objections, see Defendants' response to Demand No 1. To the extent additional relevant documents that are response to this request exist, Defendants will produce on a rolling basis upon identification. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 6:** Provide a true and accurate copy of Plaintiff Jameson Warren military personnel file as kept on record as part of Plaintiff Jameson Warren's employment with Defendant Castella Imports.

**Response No. 6: See Defendant's response to Demand No. 1 and the documents Bates Stamped CASTELLA 92 to 100.**

**Request No. 7**: Provide true and accurate copies of all documents, notes, memoranda, electronic mailings, and/or other COMMUNICATIONS regarding Plaintiff Jameson Warren's reports to the Department of Labor.

**Response No. 7: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants further object to this request to the extent it seeks documents and information protected by attorney client privilege and work product doctrine. Defendants also object to this request on the grounds that the information sought is of public record and is as equally accessible to Plaintiff as it is to Defendants. Defendants further note that Plaintiff would be in possession of Plaintiff's communications to the Department of Labor.**

**Request No. 8**: Provide true and accurate copies of all documents, notes, memoranda, electronic mailings, and/or other COMMUNICATIONS regarding Plaintiff Jameson Warren's reports to the New York State and its agencies.

**Response No. 8: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants further object to this request to the extent it seeks documents and information protected by attorney client privilege and work product doctrine. Defendants also object to this request on the grounds that the information sought is of public record, and is as equally accessible to Plaintiff as it is to Defendants. Defendants further note that Plaintiff would be in possession of Plaintiff's communications to New York State.**

**Request No. 9**: Provide true and accurate copies of all documents, notes, memoranda, electronic mailings, forms, and/or other COMMUNICATIONS regarding the promotion of Plaintiff Jameson Warren within Defendant employer Castella Imports.

**Response No. 9: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Subject to and without waiving said objections, see Defendants' response to Demand No. 1. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 10:** Provide a true and accurate copy of an employee roster reflecting how many employees are veterans or active duty members of the Armed Forces for the past ten years.

**Response No. 10: Defendants object to this Request as not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Further this request invades Defendants' employees right of privacy, is impermissibly overbroad and irrelevant to the subject matter of this action in that it seeks disclosure of personal and private information. Subject to and without**

waiving said objections, no such list is made and maintained in the ordinary course of Defendants' business.

**Request No. 11:** Provide true and accurate copies of all documents, forms, memoranda, notes, electronic mailings, and/or other COMMUNICATIONS regarding the decision to terminate Plaintiff Jameson Warren's employment.

**Response No. 11: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants further object to this request to the extent it seeks documents and information protected by the attorney client privilege and work product doctrine. Subject to and without waiving Defendants' objections, see Defendants' response to Demand No 1. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 12**: Provide true and accurate copies of all reports, profit/loss statements, documentation, write-ups, memoranda, electronic mailings, and/or other COMMUNICATIONS concerning monetary damage or loss within the warehouse Plaintiff Jameson Warren managed for the years Plaintiff Jameson Warren was employed.

**Response No. 12: Defendants object to this request as vague and unclear as "monetary damage or loss" is undefined and Defendants would not have a way to measure all aspects of monetary damage or loss within the warehouse. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 13:** Provide true and accurate copies of all reports, documentation, write-ups, memoranda, electronic mailings, and/or other COMMUNICATIONS concerning bodily injuries sustained by any employee of Defendant employer Castella Imports within the warehouse Plaintiff Jameson Warren managed.

**Response No. 13: Defendants object to this Request as not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Further this request invades Defendants' employees right of privacy, is impermissibly overbroad and irrelevant to the subject matter of this action in that it seeks disclosure of personal and private information. Subject to and without waiving said objections, see the Documents Bates Stamped CASTELLA 355 for 2017 and 356 as to 2018. Defendants are unable to produce additional information as they contain personal and private medical information of multiple injured employees (including physical complaints), absent HIPAA authorizations. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 14:** Provide true and accurate copies of all documents, reports, memoranda, complaints, and/or other COMMUNICATIONS sent to the Department of Labor, irrespective of its author or the sender, concerning Jameson Warren.

**Response No. 14: Defendants object to this Request as the Request seeks information which is available to all parties equally and is therefore oppressive and burdensome to Defendants. The party propounding the discovery must show that publicly available filings cannot readily "be obtained from some other source that is more convenient, less burdensome, or less expensive," including but not limited to Freedom of Information Act requests. See Fed. R. Civ. P. 26(b)(2)(C)(i). Subject to, and without waiving said objections, see Defendants' response to Demand No 1. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 15:** Provide true and accurate copies of all Plaintiff Jameson Warren's initial documents, interview records, background check(s), paperwork, signed papers, DD214(s) and/or other DOCUMENTS regarding his employment with Defendant employer Castella Imports.

**Response No. 15: Defendants object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Subject to and without waiving said objections, see Defendant's response to Demand No. 1 and the documents Bates Stamped CASTELLA 92 to 100. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 16:** Provide true and accurate copies of documents, paperwork, reports, signed papers, and/or other DOCUMENTS Plaintiff Jameson Warren received in reprimand or warning throughout his tenure at Defendant employer Castella Imports.

**Response No. 16: Defendants object to this request to the extent it seeks documents and information protected by attorney client privilege and work product doctrine. Subject to and without waiving said objections, see Defendant's response to Demand No. 1. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

**Request No. 17:** Provide all communications copied or intercepted from Jameson Warren's electronic mail system as recorded by Defendants.

**Response No. 17: Objection. Defendants object to the phrase "copied or intercepted" as undefined and vague. Defendants further object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information unrelated to the subject incident or Plaintiff's alleged damages. Defendants object to this request to the extent it seeks documents and information protected by attorney client privilege and work product doctrine. To the extent additional relevant documents that are response to this request exist, Defendants will produce on a rolling basis upon identification. Defendants reserve the right to amend and supplement this response to incorporate later discovered facts and documents responsive to this request.**

Request No. 18: Provide true and accurate copies of all posters, reports, memoranda, notes, electronic mailings, handbooks, policies, procedures, and/or other DOCUMENTS created by and referred to by Defendant employer Castella Imports in training its employees as to sexual harassment, discrimination retaliation and the reporting of the same.

**Response No. 18: See the document Bates stamped CASTELLA 001 to 069, Castella's Handbook and CASTELLA 70 to 80, Castella's Substance Abuse Policy.**

**Request No. 20:** Provide true and accurate copies of all documents, reports, memoranda, notes, electronic mailings, handbooks, policies, procedures, and/or other DOCUMENTS created by and referred to by Defendant employer Castella Imports identifying how it is that Defendant Castella Imports strive(s) to follow all New York State rules and regulations relating to retaliation against employees.

**Response No. 20: See the document Bates stamped CASTELLA 001 to 069, Castella's Handbook and CASTELLA 70 to 80, Castella's Substance Abuse Policy.**

**Request No. 21**: Provide true and accurate copies of all documents, reports, electronic mailings, letters, memoranda, notes, and/or other DOCUMENTS created by Defendant employer Castella Imports relating to the promotion and recognition of Plaintiff Jameson Warren as an employee.

**Response No. 21: See Defendants' response to Demand No 1.**

**Request No. 22**: Provide true and accurate copies of all reports, electronic mailings, notes, memoranda, files, and/or other DOCUMENTS disciplining or evidencing disciplinary action taken against Plaintiff Jameson Warren

**Response No. 22: See Defendants' response to Demand No 1.**

Date: March 25, 2019

CALLAHAN & FUSCO, LLC

BY: /s/ *Christopher Del Bove*
CHRISTOPHER S. DEL BOVE, Esq.
*Attorneys for Defendants*
CASTELLA IMPORTS, CLARA CORTES,
CHRIS VALSAMOS, NICOLE MORELLO,
AND ROBERT ROBERTS,
40 Exchange Place, 18th Floor
New York, NY 10005
Telephone: (877) 618-9770
cdelbove@callahanfusco.com