

*Via Electronic Case Filing Only*

May 6, 2019

Magistrate Judge Arlene R. Lindsay
Eastern District New York
100 Federal Plaza
Central Islip. NY 11722

Re:   **Plaintiff's Response to Defendants' 2nd Request for a Protective Order;**
      **Warren v. Castella Imports et al. Docket No.: 2:18-cv-04740 (JFB-ARL);**

Dear Hon. Judge Lindsay:

Please accept this letter brief by Plaintiff in opposition to and requesting that this Honorable Court deny Defendants' pre-motion letter request for a blanket Protective Order that was made without any notice or meet and confer and Plaintiff respectfully requests that this Honorable Court issue an appropriate remedy pursuant to Federal Rule of Civil Procedure 37 for Defendants wanton failure to comply with discovery, twice now [see D.E. 19-1; 26], feigning compliance by a cover letter submitted to the court as an exhibit.

## PROCEDURAL HISTORY

Defendants disregard Your Honor's Individual Practice Rules. As with Defendants' previous application, Defendants simply fail to comply with timelines set forth by the Federal Rules of Civil Procedure and Court Order. Defendants omit its refusal to provide, *inter alia*, relevant electronic mailings, insurance policies, communications, a privilege log and the named Defendants for deposition in the course of discovery and in response to Plaintiff's demands.

Contrary to its representations, Defendants never provided Plaintiff responses to Plaintiff's Requests for Admission although its May 3, 2019 letter states otherwise. This is consistent with Defendants conduct throughout this litigation – to say one thing and do another.

Plaintiff's first application to this Honorable Court and Defendants' first request for a protective order stemmed out of Defendants' failure to serve their initial disclosures or provide any voluntary disclosure within the time required by the Federal Rules of Civil Procedure. Everything from a settlement demand to time extensions demanded of Plaintiff was provided to Defendants as Defendants effectively drag out litigation.

Just like Defendants' previous application, where Plaintiff's counsel sent a letter (electronically) to defense counsel requesting to meet and confer shortly before Defendants filed their request for a protective order, Defendants feign compliance by sending a corrected cover letter [D.E. 28] feigning compliance with this Court's Order [D.E. 23] requiring Defendants to respond to Plaintiff's Requests for Admission and then, in the same letter, Defendants request another protective order. To date, Plaintiff is without Defendants' electronic letter/enclosure(s).

Please send all mail to:  33 Walt Whitman Road, Suite 310  •  Dix Hills, NY 11746

TEL: 631.450.2515  |  FAX: 631.223.7377  |  WEB: coryhmorris.com  |  EMAIL: info@coryhmorris.com

515 East Las Olas Boulevard, Suite 120  •  Fort Lauderdale, FL 33301   *By appointment only*

Defendants did not meet and confer with Plaintiff. Just as with Defendants' previous application, Defendants have not met their burden for nor articulated the reasons why a protective order is required in narrowing the outstanding records to personnel records.

Defendants refuse to produce named Defendants for deposition because "Defendants would be prejudiced to proceed with depositions without the benefit of Plaintiff's discovery responses," [D.E. 27 § II] when Defendants never, not once, raised the issue or responded to the glut of letters, e-mails, [see D.E. 26] and phone calls or Scheduling Orders. See, e.g., D.E. 22. Defendants' position is designed to delay and prejudices Plaintiff – how is it that Plaintiff could otherwise amend the complaint and why is this "aha" moment occurring [see D.E. 26-4] only after Plaintiff moves to compel discovery for Defendants' non-compliance. Defendants prejudice Plaintiff's ability to amend the complaint within the timeline Ordered by this Court. Defendants' wanton conduct must be met with an appropriate sanction and remedy to Plaintiff.

Defendants refuse to identify or provide, *inter alia,* withheld electronic mailing, insurance policies, complaints and other unknown records yet confine their cross-motion to "interpret Plaintiff's Motion to stem from Request No 1. of Plaintiff's First Request for the Production of Documents." D.E. 27 § III. Defendants received the submissions annexed as an exhibit to Plaintiff's latest application outlining Defendants' failure to provide a privilege log or identify withheld material. As Defendants feign confusion to the Court, Defendants know that [D.E. 26-2] that Defendants did not comply with Court Order. On March 22, 2019, Plaintiff requested the relevant insurance documentation and was denied. On April 3, 2019 [D.E. 26-3] Plaintiff outlined Defendants' errors and omissions in withholding documentation without a privilege log and in refusing to identify what was withheld – the motion to compel is not confined to personnel records and Defendants' representations run contrary to Plaintiff's submissions.

Defendants still have not provided appropriate discovery responses and most disturbing is Defendants' feigned compliance in response to Plaintiff's applications to the Court with the Defendants providing a cover letter, making such application appear moot. In reality, Defendants' previous response was riddled with improper objections, reservations, refusing to provide documentation as "protected by the attorney client privilege and work doctrine," refusing to provide documentation as "unrelated to the subject incident or Plaintiff[']s alleged damages," refusing to provide documentation because it is "of public record," and Defendants do not identify the purported privileged material, the communications seek or what, if anything, Defendants are withholding in response to Plaintiff's demands. D.E. 26-2. On May 3, 2019, Defendants simply did not provide the responses to the Requests for Admission electronically.

Lastly, Plaintiff's counsel stated to defense counsel Del Bove on many occasions that the deposition testimony of named Defendants will foster the resolution of discovery issues. Defendants refuse to meet and confer or comply with Court Order. Perhaps confused, Defendants place the onus on Plaintiff to raise "legitimate issue" where it is Defendants' burden of proof in not only seeking a protective order but at the very least raising the telephone off the receiver, dialing opposing counsel's number and uttering the most minimal language stating that Defendants' counsel will seek such relief in an effort to avoid wasting the Court's time.

- 2 - | Page

**Law Offices of Cory H. Morris • Attorney & Counselor at Law**
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

## LEGAL ARGUMENT

Without ever making an attempt to comply, Counsel for Defendants cavalierly cite Federal Rule of Civil Procedure 26(b)(2)(C) and refer the Court to case law interpreting that Rule, but do not raise specific issues with respect to Plaintiff's notices of deposition, discovery demands that request (not only personnel files), *inter* alia, electronic mailings, insurance policies, communications, write-ups of Plaintiff, grievances, and records detailing the conduct for which Defendants claim caused Plaintiff's termination, all of which should have been discussed, but never were, at a meet and confer prior to filing Defendants' Letter Brief.

Pursuant to Rule 26(c), a court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, Fed.R.Civ.P. 26(c), and the movant " 'has the burden of showing that good cause exists for issuance of that order.' " Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004), quoting In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery. See Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col L Rev 480, 492–493 (1958).

The only harassment in this case has been the continued failure of Counsel for Defendants to cooperate in the Discovery process in order to bring this case to a resolve or a trial as quickly as possible. See Fed. R. Civ. P. 1.

Although Rule 37 sanctions are "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), they "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

Plaintiff submits that defense counsel's failures warrant a conditional order striking the answer. *See, e.g., Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.,* No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted,* 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel); *Gumwand, Inc. v. Gum Wand, Ltd.,* No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted,* 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016) (striking the answer and entering a default judgment against a party who failed to appear at a court-ordered conference and failed to communicate with the court, despite a clear warning that doing so may result in a recommendation that a default judgment be entered); *Silverman & Silverman, LLP,* 2014 U.S. Dist. LEXIS 102015 (striking the answer and entering a default judgment against a party who refused to provide dates for witness depositions; ceased communicating with his adversary; and failed to respond to the plaintiff's motion for sanctions). Defendant, a large corporation, and defense counsel's failures are inexcusable and, as per defense counsel's representations, cannot be resolved prior to the end of fact discovery as Ordered by Your Honor.

Law Offices of Cory H. Morris • Attorney & Counselor at Law
- 3 - | Page
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

## CONCLUSION

    Plaintiff respectfully requests this Honorable Court deny Defendants' request for a protective order and direct and order Defendants to comply with all the existing outstanding discovery demands filed by the Plaintiff and providing some meaningful remedy for Defendants' continued violation of the Federal Rules of Civil Procedure and Court Order that results in prejudice to Plaintiff as detailed in Plaintiff's previous application.

Respectfully Submitted,

CORY H. MORRIS

| | | |
|---|---|---|
| cc: | Mitchell Ryan Ayes, Esq. | (*via electronic case filing only*) |
| cc: | Christopher Smith Del Bove, Esq. | (*via electronic case filing only*) |