UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SGT. JAMESON WARREN,

                                   Plaintiff,

      -against-

CASTELLA IMPORTS, et al.,

                                   Defendants.
------------------------------------------------------------------X

**ORDER**
CV 18-4740 (JFB) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court is the plaintiff's motion seeking to compel the defendants to produce complete responses to his documents demands and to impose appropriate sanctions pursuant to Fed. R. Civ. P. 37. The defendants have opposed the motion and cross-moved for a protective order. For the reasons set forth below, both the plaintiff's motion is granted, in part, and denied, in part, and the defendants' motion is granted.

      By way of background, the plaintiff, Sgt. Jameson Warren ("Warren"), commenced this action on August 22, 2018, against the defendants, Castella Imports, Clara Cortes, Chris Valsamos, Nicole Morello and Robert Roberts, seeking damages pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C.A. §§ 4301-4335, the 5th and 14th Amendments for the United States Constitution and New York State Law. ECF No. 1. In a nutshell, Warren contends that the defendants denied him certain rights and benefits available to other employees having similar status during the duration of his deployment and associated absence from employment resulting from his military service. On December 7, 2018, the defendants filed an answer to the complaint and an initial conference was then held on January 30, 2019. At the conference, the Court established July 29, 2019, as the deadline for all discovery.

      Shortly thereafter, the defendants filed a motion for a protective order seeking to strike the plaintiff's 241 paragraph request to admit or, in the alternative, to limit the plaintiff's requests. According to the defendants, counsel for the plaintiff had taken the 302-paragraph complaint, cut and paste it into a 241-paragraph request to admit and then asked the defendants to ascertain the veracity of each paragraph. That motion was granted, in part, and denied, in part. Specifically, although the Court did not strike the request in its entirety, to the extent the request covered factual allegations that were set forth in the complaint and were already denied by the defendants in their answer, the Court ordered that the defendants need not respond to the requests simply to repeat their denial. Around the same time, the plaintiff sought to compel the defendants to produce responses to his documents demands, which were deemed to have been served as of the date of the initial conference on January 30, 2019 and sought unspecified sanctions for the defendants' failure to do so. That motion was denied. The Court determined

that the defendants' responses were delayed by 24 days due to the extensive number of documents sought by the plaintiff. In addition, by the time the Court had ruled on the motion, the defendants had responded.

The plaintiff has now filed a "pre-motion conference letter" seeking leave to compel the defendants to produce complete responses to all outstanding discovery and to award "appropriate sanctions." As a threshold matter, a pre-motion conference is not necessary for a discovery application filed pursuant to Local Rule 37.3. The Court will, therefore, treat the application as a motion to compel. According to the plaintiff, the defendants have refused to respond to his requests to admit, to produce named defendants for depositions and to provide a privilege log. With respect to the requests to admit, the defendants counter that although they interpreted the Court's order as not requiring a response, in the abundance of caution, they did respond to on May 3, 2019. Counsel for the plaintiff insists that he did not receive a response "electronically." Accordingly, to the extent they have not already done so, the defendants are directed to reserve the plaintiff with their May 3, 2019 response upon receipt of this order.

With respect to the issue concerning the scheduling of depositions, the defendants contend that they did not receive the plaintiff's response to their discovery requests until April 26, 2019 and that the production contained authorizations for employment files from three prior employer. The defendants have requested an additional 60 days to process the records before conducting the depositions. Although the Court finds 60 days to be excessive given the July 29 discovery cutoff, the Court will allow the defendants to take the balance of the month to review the documents and obtain the plaintiff's employment files before scheduling the depositions. Nonetheless, upon receipt of this order, the parties are directed to meet and confer to establish dates for the depositions to take place at a mutually convenient time after June 3, 2019.

To the extent the plaintiff seeks to compel the defendants to produce a privilege log, that request is denied at this time. While Local Rule 26.2 requires parties asserting a privilege to identify the nature of the privilege (including work product) which is being claimed and, for documents, to state (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, the Committee also cautions that "[t]here is a growing literature in decisions, law reviews, and other publications about the need to handle privilege claims in new and more efficient ways." What may be an appropriate approach to privilege given the size of this case, is not at all clear from the plaintiff's application . Accordingly, the motion is denied at this time. Upon receipt, the parties are directed to meet and confer by telephone to further address the privilege issue.

Finally, the plaintiff's motion to compel the defendants to appropriately respond to his discovery demands and for sanctions is denied. Although the plaintiff has annexed a copy of the defendants' response to his application, counsel had not specifically stated what is wrong with the defendants' response other than to generically indicate that the response is incomplete. In order to rule on the application, the Court requires the plaintiff to set forth the specific responses

at issue and, with respect to each of those response, to provide legal argument supporting his argument that the response is incomplete.

 The defendants' motion seeking a protective order with respect to the personnel files of the defendants Clara Cortes, Robert Roberts, Christopher Valsamos, and Nicole Morello is granted. As the defendants note, Christopher Valsamos is the President of Castella Imports and has no "personnel file." In addition, the Court agrees that the plaintiff has not established that the personnel files are directly related to any legitimate issue in this case.

Dated: Central Islip, New York
   May 14, 2019

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge