# CALLAHAN&FUSCO LLC
### Attorneys at Law

103 EISENHOWER PARKWAY | SUITE 400
ROSELAND | NEW JERSEY | 07068 | 877-618-9770

Christopher S. Del Bove, Esq. | Associate
103 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068
877-618-9770 | F: 973-618-9772
cdelbove@callahanfusco.com

Roseland, NJ | New York, NY | Buffalo, NY | Philadelphia, PA | Ft. Lauderdale, FL | Tampa, FL

June 12, 2019

**VIA ECF UPLOAD ONLY**
Magistrate Judge Arlene R. Lindsay, U.S.M.J.
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

> **Re:   Sgt. Warren, Jameson v. Castella Imports, et al**
> **Docket No.: 2:18-cv-04740**

Dear Judge Lindsay:

Please accept this letter brief in support of Defendants Castella Imports, Clara Cortes, Chris Valsamos, Nicole Morello and Robert Roberts's (collectively "Defendants"), motion: (1) barring Plaintiff's Counsel from videotaping future depositions in a manner inconsistent with the Federal Rules of Civil Procedure; and (2) entering a protective order barring Plaintiff from disseminating copies of the June 5, 2019 deposition of Robert Roberts (and any and all future depositions in this matter) including videos or transcripts thereof.

- **Plaintiff Must be Prohibited From Personally Recording Depositions**

The Federal Rules of Civil Procedure allow for video recording a deposition, provided the party taking the deposition serves notice onto its adversary. (See Fed. R. Civ. P. 30(b)(A)). Nonetheless, under Fed. R. Civ. P. 28(a)(1)(A), a deposition must be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination." Moreover, pursuant to Fed. R. Civ. P. 28(c) that officer cannot be any party's attorney.

Here, Plaintiff's counsel did not meet the requirements of the FRCP. On June 5, 2019 the parties appeared for the deposition of Defendant Robert Roberts. Plaintiff retained a court reporter to record the deposition in shorthand. Plaintiff's attorney proceeded to record the deposition on his own video equipment. No videographer was present. Defendants objected to same and called the Court for intervention. Your Honor was unavailable via telephone and the parties proceeded with the deposition in the spirit of good faith to comply with Your Honor's Order.

In this case, Plaintiff's counsel personally operated the video camera, not a Fed. R. Civ. P. 28(c) officer, thus automatically making the recording deficient under the Federal Rules of Civil Procedure. Moreover, Defendants have significant concerns regarding the notable logistical issues that plagued the deposition as videotaped by Plaintiff's counsel. Defendants cannot be certain as to the completeness and consistency of the videotape Plaintiff's counsel generated. Whether Plaintiff's counsel was certain to record all relevant testimony, stop the recording when the parties were speaking off the record, or accurately record the statements made by all individuals present

is an important concern.  By way of further example, Plaintiff's attorney insisted on videotaping an empty chair when he was waiting for Defendant to enter the deposition room and refused to go "off the record" to discuss various logistical issues. Aside from not being the officer contemplated by Fed. R. Civ. P. 28(c), Plaintiff's counsel has not held himself out as having any level of experience or expertise regarding the proper recording of videotaped depositions, leaving a significant risk that the videotape will be inconsistent with the properly completed, stenographically recorded transcript of the deposition.   Moreover, while a stenographically recorded deposition results in the creation of a transcript by a neutral third party, the videotaped recording of Mr. Roberts's deposition will be edited and prepared by Plaintiff's attorney.

Here, by permitting Plaintiff to introduce that videotaped deposition despite the deficient method Plaintiff's counsel used to record it, the Court would be bestowing upon Plaintiff's counsel the benefit of operating independently of the same rules of civil procedure that bind Defendants. Plaintiff's counsel would be rewarded for flouting the specific requirements for videotaping a deposition.   Apart from simply noticing Defendants of the intent to videotape depositions, Plaintiff's counsel would then be free to complete the recordings in any way he sees fit, leaving Defendants with the same concerns articulated above. That discovery could then be used as though it were taken in accordance with the Federal Rules of Civil Procedure.

- **A Protective Order is Required to Limit the Use of All Depositions for Purposes of This Litigation and Prohibit Public Dissemination**

Defendants respectfully request that Your Honor issue a protective order preventing all parties from disseminating the June 5, 2019 videotaped deposition of Robert Roberts (and any future depositions) and transcripts thereof, except for use in this litigation.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Indeed, where discovery rights appear unequal, court's have intervened with the issuance of protective orders. See Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2nd Cir. 1992). As argued above, Plaintiff's counsel videotaped the June 5, 2019 deposition of Robert Roberts in a manner inconsistent with the procedures delineated by the Federal Rules of Civil Procedure. Apart from properly noticing Defendants that Robert Roberts's deposition would be recorded, Plaintiff's counsel notably did not employ the services of an officer authorized to administer an oath under federal law to actually record the proceeding.  Plaintiff's counsel acted as both advocate and videographer which is unequivocally deficient.

In addition to that deficiency, the substance of Robert Roberts's deposition testimony contained a substantial amount of confidential and proprietary information regarding the Defendants' method of operating and designing multiple warehouses.[1]  Plaintiff has alleged that he had a substantial role in designing Defendants' Brentwood facility and a point in time came where he was removed from said planning. (See Plt.'s Compl. at ¶87-95).  As such, numerous aspects of Plaintiff's purported role were (and likely will continued to be) explored during

---

[1] Defendants make the instant application without the benefit of Mr. Roberts's deposition transcript.

depositions.   Further Defendant Roberts testified as to specific equipment in three specific warehouses, Castella's policies and procedures, and the design and construction of Defendant's Brentwood facility.   Issues of staffing, shift changes, and general employment matters were also discussed.

A protective order is necessary given the fact that the video deposition was not recorded by a certified court reporter and thus is susceptible to being "leaked" and disseminated easier than a traditional video recording.   Further the video is not a fair and accurate depiction of the deposition.   Further a protective order is needed because of the pivotal, confidential information discussed during Defendants (and likely Plaintiff's) depositions at the very core of Defendants' business operations.   The risk of economic harm caused by Plaintiff's ability to affect the unqualified dissemination of the information shared in Robert Robert's testimony is grave. Furthermore, preventing Plaintiff from disseminating the testimony of Robert Robert's has zero prejudicial effect on Plaintiff or his case in chief.   Whether members of the public have access to that information has no bearing on Plaintiff's allegations.   Thus, this Court should issue a protective order preventing all parties from disseminating all video and written transcripts of all depositions.

For the foregoing reasons, Defendants request that the Court issue an order barring Plaintiff's counsel from videotaping future depositions in a manner inconsistent with the Federal Rules of Civil Procedure and enter a protective order barring Plaintiff from disseminating the videotape or transcript of Defendants' depositions.   Defendants respectfully reserve the right to file the appropriate motion in *limine* at the time of trial to bar the introduction of any video testimony.

Respectfully submitted,

CHRISTOPHER S. DEL BOVE

MAC/CDB/rt