

**LAW OFFICES OF CORY H. MORRIS**
ATTORNEY & COUNSELOR AT LAW

VIA ELECTRONIC CASE FILING ONLY

June 14, 2019

Hon. Arlene R. Lindsay, U.S.M.J.
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York  11722

re:   Plaintiff's Response to Defendants' Protective Order Motion:
      *Warren v. Castella Imports, et al.* Docket No. 2:18–cv–04740

Dear Judge Lindsay:

    Plaintiff complied with all rules and notice in taking depositions, as it has done so before in *Elden MacFarlane v. Suffolk County et al*, 2:10-cv-02877 (JFB)(ARL) D.E. 119, yet Defendants ignore the law, and the requirement to meet and confer prior to making their application to this Court.

    The deposition of Defendant Nicole Morello could not be confirmed by Plaintiff, evidenced by an e-mail prior to defense counsel's submissions on Wednesday night.

    Your Honor has previously permitted (*id.*) Plaintiff to utilize the very same video camera at the deposition of a Suffolk County Correctional Officer involving, *inter alia*, allegations of misconduct and excessive force issue in the Central Islip Courthouse of the Eastern District of New York. Plaintiff informed defense counsel Christopher Del Bove of this very fact, and Your Honor's previous determinations, before and after the Defendant Roberts' Deposition.

    Defendants failed to meet and confer, propose a protective order or even articulate any reasonable basis for a protective order under the Federal Rules of Civil Procedure. Defendants concerns are hypothetical at best and appear to be designed to delay this case.

    Accordingly, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for a Protective Order (1) barring Plaintiff's Counsel from videotaping future depositions; and (2) entering a protective order restricting and gagging Plaintiff from speaking about this case— a harm which Defendants never mentioned to counsel and for which there is no reasonable basis to believe will occur in this case.

Please send all mail to:  33 Walt Whitman Road, Suite 310  •  Dix Hills, NY 11746

TEL: 631.450.2515  |  FAX: 631.223.7377  |  WEB: coryhmorris.com  |  EMAIL: info@coryhmorris.com

515 East Las Olas Boulevard, Suite 120  •  Fort Lauderdale, FL 33301   *By appointment only*

## DEFENDANTS FAILED TO MEET AND CONFER AND PROVIDE NO REASONABLE BASIS TO RESTRICT PLAINTIFF OR ENTER A PROTECTIVE ORDER IN THIS MATTER

Defendants failed to even discuss or propose a protective order to Plaintiff. "Pursuant to Rule 26(c), a court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (Def. MOL, P. 2) (citing Fed.R.Civ.P. 26(c)) and the movant " 'has the burden of showing that good cause exists for issuance of that order.' " *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (quoting *In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir. 1987)).

When a motion for a protective order is made and the court is disposed to deny it, the court may require the payment of expenses incurred in relation to the motion. USCS Fed Rules Civ Proc R 26, Adv. Com. Notes on 1970 Amendments.

Defendants have presented no legal basis to silence the Plaintiff or restrict public access to court records. The public interest is based on the right of citizens to "keep a watchful eye" on the workings of federal courts and the federal courts' need for public accountability. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). Without public and professional monitoring, there can be "no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Under the common law, judicial documents have been presumptively subject to public inspection. See *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995).

The Second Circuit defined a "judicial document" as material filed with the court that is "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo*, 44 F.3d at 145. How strong a "presumption of access" is accorded a document will vary with its role in the adjudicatory process. Evidence introduced at trial is given an "especially strong" presumption of access. *In re Application of National Broadcasting Co. v. Myers*, 635 F.2d 945, 952 (2d Cir. 1980). Likewise, a document submitted as the principal basis for a dispositive motion. As the exercise of Article III powers is a formal act of government, it should be subject to public scrutiny absent "exceptional circumstances." *Amodeo*, 71 F.3d at 1049 Defendants seek a protective order preventing all parties from disseminating the June 5, 2019 videotaped deposition of Robert Roberts and any future depositions and transcripts thereof, except for use in this litigation. D.E. 36, p. 2. It follows that documents which play a central role in that process strongly should be presumed to be open to the public.

Defendants fail to identify "exceptional circumstances," *Amodeo*, 71 F.3d at 1049, sufficient to justify the departure from longstanding law against confidentiality. Unsupported claims that this video recording is more susceptible to being "leaked" and disseminated than a traditional video recording taken by a professional videographer demonstrates a profound lack of knowledge of video technology on the part of Counsel for Defendants and is speculative at best. See D.E. 36, p. 3.

2 | Page

The Plaintiff retained and will continue to retain the services of "an officer authorized to administer oaths either by federal law or by the law in the place of examination" in accordance with the provisions of Fed.R.Civ.P. Rule 28(a)(1)(A) to prepare and certify the transcript of depositions. Counsel for Plaintiff, in addition to having an independent court reporter who is certified to take the stenographic recording and provide a deposition transcript as part of the Court record, videorecords the depositions he takes for his own use on his own videorecorder, a Sony HD AVC HD Handycam 9.2 Mega Pixels HDR-CX405 mounted on an appropriate tripod and focused on the deponent.

Your Honor has approved this practice. Counsel regularly video records other depositions in the Eastern District of New York in accordance with Fed.R.Civ.P. Rule 30(b)(A) and Rule 30(b)(4). Your Honor approved this specific device for entry and use into the Central Islip District Court Courthouse. Outside the Courthouse, no prior approval by the Court is required. In addition, Counsel for Defendants may obtain a copy of the video recording upon request.

Counsel for Defendants complains that, "Plaintiff's counsel personally operated the video camera, not a Fed.R.Civ.P. Rule 28(c) officer, thus automatically making the recording deficient under the Federal Rules of Civil Procedure." D.E. 36, p. 1, 2. The video is not being offered as evidence. All of the remaining objections raised by Counsel for Defendants are mistakenly addressed to efforts to use a videotape as an alternative or substitute to a certified record prepared by a court reporter authorized to report depositions under Fed.R.Civ.P. Rule 28(a)(1)(A). Counsel for the Plaintiff has no such intention.

Counsel for Defendants waited over as week before stating that the deposition of Defendant Roberts "contained a substantial amount of confidential and proprietary information" (D.E. 36, pp. 2–3) and "a protective order is needed because of the pivotal, confidential information discussed during Defendants (and likely Plaintiffs) depositions at the very core of Defendants' business operations. The risk of economic harm caused by Plaintiff's ability to affect the unqualified dissemination of the information shared in Robert Robert's testimony is grave" (D.E. 36, p. 3.). Those unsupported statements by counsel are insufficient to justify sealing the record. Should such an issue, Plaintiff would have no objection to redacting confidential proprietary information from a publicly filed deposition and filing the unredacted deposition under seal.

Defendants failure to meet and confer not only violates the Rules but creates an, additional, unnecessary motion. Defendants' motion should be denied in its entirety and this Court should award all other relief it deems just and proper.

Respectfully submitted,

CORY H. MORRIS,
Attorney for Plaintiff

3 | Page