**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

SGT. JAMESON WARREN,

               Plaintiff,

         v.

CASTELLA IMPORTS, CLARA CORTES,
CHRIS VALSAMOS, NICOLE MORELLO
AND ROBERT ROBERTS,

               Defendants.

Case No. 2:18-cv-04740-SJF-ARL

Assigned to: Judge Sandra J. Feurstein

Referred to: Magistrate Judge Arlene R. Lindsay

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Christopher Del Bove, Esq.
Mitchell Ayes, Esq.
CALLAHAN & FUSCO, LLC
103 Eisenhower Parkway, Suite 400
Roseland, NJ 07068
Tel: (877) 618-9770
Fax: (973) 618-9772
Email: *cdelbove@callahanfusco.com*
Email: *mayes@callahanfusco.com*

***Attorneys for Castella Imports,
Clara Cortes, Chris Valsamos,
Nicole Morello, and Robert Roberts***

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………….... ii

Preliminary Statement…………………………………………………………….. 2

Legal Argument……………………………………………………………………. 3

    I.    Plaintiff's Attorneys Fees are Overstated and Must Be Reduced…..…….. 3

        a.    The Hourly Rates Charged by Plaintiff's Attorneys are Grossly
Excessive and Must Be Reduced………………………………………... 3

                i.    Reasonable Hourly Rates in the Eastern District of New York… 5

                ii.    The Arbor Hill factors weight against Plaintiff's Counsel's Fee
Demand……………………………………………………….... 7

        b.    The Hours Claimed are Excessive and/or Are Not Compensable……….. 8

                i.    Plaintiff is not Entitled to Recover Fees for Work That Was
Unnecessary…………………………………………………… 8

                ii.    Plaintiff Should Not Be Permitted to Recover Fees at Attorney
Rates for Work That Should Have Been Performed by a
Paralegal, Law Clerk, or Administrative Assistant…………….. 15

                iii.    Plaintiff's Counsel's Fees Should be Further Reduced Because
Counsel's Time is Recorded in Vague "Block-Billing" That
Does Not Permit an Adequate Evaluation of Actual Time Spent
on Compensable
Activities……………………………………………………… 19

Conclusion……………………………………………………………………….. 21

## TABLE OF AUTHORITIES

Cases                                                  Pages

Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509 (S.D.N.Y. Mar. 15, 2011)….   4

Anderson v. County of Suffolk, No. CV-09-1913, 2016 U.S. Dist. LEXIS 48891
(E.D.N.Y. Apr. 11, 2015)…………………………………………………………….   6, 20

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d
182 (2d Cir. 2007)……….……………………………………………….….   4, 5, 7, 8

Barbu v. Life. Ins. Co. of N. Am., No. 12-CV-1629, 2015 U.S. Dist. LEXIS 21874
(Feb. 24, 2015)……………………………………………………………………….   6, 20

Brown v. Starrett City Assocs., Inc., 2011 U.S. Dist. LEXIS 124480 (E.D.N.Y.
Oct. 27, 2011)……………………………………………………………………….   4

Caban v. Employee Sec. Fund of the Elec. Products Indus. Pension Plan, No. 10-
CV-0389, 2015 U.S. Dist. LEXIS 158292, (E.D.N.Y. Nov. 23, 2015)…………….   20

Davis v. N.Y. City Hous. Auth., No. 90 Civ. 628 & 92 Civ. 4873 (RWS), 2002
U.S. Dist. LEXIS 23738, (S.D.N.Y. Dec. 6, 2002)……………………………………   15

DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037 (E.D.N.Y. 1993)……...   20

Fink v. City of New York, 154 F. Supp. 2d. 403 (E.D.N.Y. 2001)…………………   8, 16

Fryer v. A.S.A.P. Fire & Safety Corp., F. Supp. 2d. 331 (D. Mass. 2010)………….   8

Fuerst v. Fuerst, No. 10-CV-3941, 2012 U.S. Dist. LEXIS 48545, (E.D.N.Y. Apr.
5, 2012)……………………………………………………………………………….   15

Gagasoules v. MBF Leasing LLC, 296 F.R.D. 107, 112 (E.D.N.Y. 2013)…………   20

Griffin v. Astro Moving & Storage Co., No. 11-CV-1844 MKB, 2015 U.S. Dist.
LEXIS 43326 (E.D.N.Y. Mar. 31, 2015)……………………………………………   6

Hance v. Norfolk Southern Ry. Co., No. 3:04-CV-160, 2007 WL 3046355 (E.D.
Tenn. Oct. 16, 2007)…………………………………………………………………...   8

Johnson v. Ga. Highway Express Inc., 488 F.2d 714 (5th Cir. 1974).................. 4

Luciano v. Olsten Corp., 109 F.3d 111 (2d Cir. 1997).................................... 6

Mary Jo C. v. Dinapoli, No. 09-CV-5635, 2014 U.S. Dist. LEXIS 175686,
(E.D.N.Y. Dec. 18, 2014)................................................................. 6

Moore v. Houlihan's Rest. Inc., 07-cv-03129, 2011 U.S. Dist. LEXIS 64452,
(E.D.N.Y. May 10, 2011)................................................................. 15

Penta v. Costco Wholesale Corp., No. Civ. 3587 (DLI) (VMS), 2016 U.S. Dist.
LEXIS 39584, (E.D.N.Y. Mar. 25, 2016)............................................. 6

Perdue v. Kenny A. ex rel Winn, 130 S. Ct. 1662 (2010)............................. 4

Remache v. Mac Hudson Group, U.S. Dist. LEXIS 154099 (E.D.N.Y. Sept. 7,
2018)......................................................................................... 5

Shim v. Millenium Group, 2010 U.S. Dist. LEXIS 68922 (E.D.N.Y. June 21,
2010)......................................................................................... 4

Staub v. Proctor Hosp., No. 04-1219, 2008 WL 2001935 (C.D. Ill. May 7, 2008)... 8

Trs. Of the 1199 SEIU Health Care Emps. Pension Fund v.Traymore Chemists
Inc., 13-cv-4070, 2014 U.S. Dist. LEXIS 118881 (E.D.N.Y. June 25, 2014)......... 16

Trs. Of the Empire State Carpenters Welfare v. M.R. Drywall Servs., 2012 U.S.
Dist. LEXIS 12397 (E.D.N.Y. Aug. 6, 2012)........................................... 4

## PRELIMINARY STATEMENT

Defendants, Castella Imports, Clara Cortes, Christopher Valsamos, Nicole Morello, and Robert Roberts, ("Defendants"), by and through their attorneys, Callahan & Fusco LLC, hereby oppose Plaintiff's Application for an Award of Attorneys' Fees and Costs. As set forth below, the attorneys' fees sought by Plaintiff should be dramatically reduced on two distinct grounds. First, the hourly rates Plaintiff requested are excessive and inconsistent with reasonable rates paid to similarly-experienced employment lawyers in the Eastern District of New York. Second, the hour claims are excessive, unreasonable, and/or not compensable because: (i) they were associated with unnecessary work; (ii) they were attributable to block billing, preventing a detailed review of the appropriateness of the work in which the attorneys allegedly engaged; and (iii) attorneys repeatedly and consistently spent considerable time on tasks that a paralegal, secretary, or clerk, would have completed at minimal rate.

In sum, this case was actively litigated in the Eastern District of New York from November 15, 2019 (the date the undersigned filed their notice of appearance) to October 21, 2019 when it settled at a settlement conference. (See ECF Document Nos. 7 (Notice of Appearance Mr. Ayes); 8 (Notice of Appearance of Mr. Del Bove); and 61 (minute entry closing and settling this matter)). In those eleven months, Plaintiff's counsel allegedly amassed $314,252 in fees and spent 500.6 attorney hours on this litigation. Of those 500.6 hours, .6 were for paralegal services. The remaining 500 hours were all attorney work. During those same eleven months, Defendants' attorneys spent approximately 200 less hours on this litigation, or approximately 328.8 total hours broken down as follows: 262.3 associate hours, 32 paralegal hours, and 33.7 partner hours.

Plaintiff's attorney has gone to extraordinary lengths to justify their application for $314,252 in fees. Despite the inaccurate nature with which counsel describes this case, the

2

unavoidable fact remains that this case is a single-plaintiff employment litigation. The nature of the case and the procedural issues were typical and well within the experience of most employment attorneys. There is no basis for awarding Plaintiff's proposed fees.

The extravagance of counsel's fee request is only compounded by the excessive hours counsel purports to have spent on this litigation as reflected in the proffered time records. Throughout this litigation, Plaintiff's counsel demonstrated a habit of over-litigating and turning good faith discovery disputes into opportunities for extensive motion practice which was noted by this Honorable Court. Further, Plaintiff's counsel imprecisely and vaguely identifies the work done with generalities such as "pulling and reviewing 1,000+ documents," "reviewing outstanding discovery," "legal research and notes on Wu case," and "review of email."

As set forth more fully below, the Court should reduce the rates Plaintiff's counsel requested, eliminate excessive hours and hours not appropriately compensable, and apply an across-the-board percentage reduction to trim the indisputable excess that pervades counsel's fee request.

## **LEGAL ARGUMENT**

I. **PLAINTIFF'S ATTORNEYS' FEES ARE OVERSTATED AND MUST BE REDUCED**

### A. The Hourly Rates Charged by Plaintiff's Counsel Are Grossly Excessive and Must Be Reduced

In the pending fee application, Plaintiff's counsel is seeking an hourly rate of $600 for himself and an hourly rate of $750 for Of Counsel attorney Victor John Yannacone, Jr. He then proposes a blended rate of $450. Preliminary Defendants note that Mr. Yannacone filed his Notice of Appearance September 24, 2019 – approximately twenty-seven (27) days before October 21,

2019, the day this matter settled.  (See ECF No. 56 (Notice of Appearance) and ECF No. 61 (Minute Entry closing/settling the matter)).[1]

In <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182 (2d Cir. 2007), the Second Circuit departed from the "lodestar" method for calculating attorneys' fees and held that "the focus of the district court [should] no longer [be] on calculating a reasonable fee, but rather on setting a reasonable hourly rate." <u>Id.</u> at 189.[2]  The Court identified twelve factors as informing the reasonableness of an hourly rate: (i) the time and labor required; (ii) the novelty and difficulty of the question; (iii) the level of skill required to perform the legal service properly; (iv) the preclusion of employment by the attorney due to acceptance of the case; (v) the attorney's customary hourly rate; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or the circumstances; (viii) the amount involved in the case and the results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (vii) awards in similar cases. See <u>Id.</u> at 190. (citing <u>Johnson v. Ga. Highway Express Inc.</u>, 488 F.2d 714 (5th Cir. 1974)).

---

[1] FRCP Rule 9 states: "2. [a]n attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. A separate notice of appearance shall also be entered whenever an attorney is substituted as counsel of record in a particular case.

[2] In April 2010, the Supreme Court issued an opinion endorsing the lodestar method and expressing skepticism about the <u>Johnson</u> approach.  (<u>See Perdue v. Kenny A. ex rel Winn</u>, 130 S.Ct. 1662, 1672 (2010).  At least one court has noted that <u>Perdue</u> "appears to cast doubt on the viability of. . . <u>Arbor Hill</u>," which relied in part on the <u>Johnson</u> factors. <u>Allende v. Unitech Design, Inc.</u>, 783 F. Supp. 2d 509, 514, n.4 (S.D.N.Y. Mar. 15, 2011). Another court has concluded that, "[w]hatever the terminology," both <u>Arbor Hill</u> and <u>Perdue</u> "require the Court to consider case-specific factors in determining the reasonableness of the hourly rate and the number of hours expended." <u>Brown v. Starrett City Assocs.</u>, Inc., 2011 U.S. Dist. LEXIS 124480 (E.D.N.Y. Oct. 27, 2011)(citing <u>Shim v. Millennium Group</u>, 2010 U.S. Dist. LEXIS 68922, (E.D.N.Y. June 21, 2010)).  As Judge William D. Wall, U.S.M.J. observed in <u>Trs. of the Empire State Carpenters Welfare v. M.R. Drywall Servs.</u>, 2012 U.S. Dist. LEXIS 123937: "[i]t would appear that although use of the <u>Johnson</u> "method" is now proscribed, reference to the <u>Johnson</u> "factors" is still useful in calculating a presumptively reasonable fee in this Circuit. [citation omitted.]  Therefore, whether the calculation is referred to as the lodestar or as the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended. And, nothing in <u>Perdue</u> changes the rule that those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits." <u>Arbor Hill</u>, 522 F.2d at 190 (internal citation omitted) (2012 US Dist LEXIS 123937, at *9-10 [EDNY Aug. 6, 2012, No. CV-11-1842 (JS) (WDW)])

Despite the departure from the "lodestar" method, the <u>Arbor Hill</u> Court reiterated two important concepts that continue to guide the determination of whether an hourly rate is reasonable.  First, "the reasonable hourly rate is the rate a paying client would be willing to pay …bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." <u>Arbor Hill</u>, 522 F.3d at 190.  Second, the Court adhered to the "forum rule," which requires reference to the prevailing rates of the community in which the district court sits for purposes of determining a reasonable hourly rate.  <u>Id.</u> at 191.

### i.  <u>Reasonable Hourly Rates in the Eastern District of New York</u>

Plaintiff's application completely ignores the "forum rule" which the Second Circuit specifically adopted in <u>Arbor Hill</u>.  The forum rule provides that the prevailing rates of the community in which the district court sits must be referenced for purposes of determining a reasonable hourly rate.  <u>Arbor Hill</u>, 522 F.3d. at 191.  Notably, Plaintiff's counsel did not cite a single Eastern District of New York fees case to support their demand for an hourly rate of $450.00.  Likely because this forum has neglected to award an hourly rate of $450.00 per hour to an attorney with six years of experience.

In this forum, the Eastern District of New York, observed hourly rates higher than $350 are generally reserved for law firm partners or unusually expert litigators.  (See <u>Remache v Mac Hudson Group</u>, No. 14 CV 3118, 2018 U.S. Dist. LEXIS 154099, at *63 (E.D.N.Y. Sep. 7, 2018)).  In a 2018 Labor Law case, this Court set the following hourly rates: $250.00 for associates with fewer than four years' experience, $275 for associates and senior associates with 4-9 years of experience, and $325 for partners and "of counsel attorneys with 10-25 years of experience, and $375 for partners with 26 or more years of experience.  <u>Id.</u>

Additionally, in recent years, "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Anderson v. County of Suffolk, No. CV 09-1913 (GRB), 2016 U.S. Dist. LEXIS 48891 at *4 (E.D.N.Y. Apr. 11, 2015) (internal quotation marks and citations omitted); see also Griffin v. Astro Moving & Storage Co., No. 11-CV-1844 MKB, 2015 U.S. Dist. LEXIS 43326, at *8 (E.D.N.Y. Mar. 31, 2015). For associates, the rates can be further broken down into "$200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." Penta v. Costco Wholesale Corp., No. Civ. 3587 (DLI) (VMS), 2016 U.S. Dist. LEXIS 39584, at *7 (E.D.N.Y. Mar. 25, 2016). "In this district, the average hourly rate awarded to paralegals . . . is seventy-five dollars ($75.00)." Griffin, 2015 U.S. Dist. LEXIS 43326, at *9 (quoting Mary Jo C. v. Dinapoli, No. 09-CV-5635, 2014 U.S. Dist. LEXIS 175686, at *7 (E.D.N.Y. Dec. 18, 2014)). Given the number of factors the courts consider to calculate a reasonable hourly rate, "the range of reasonable attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." Barbu, 2015 U.S. Dist. LEXIS 21874, at *3 (internal quotation marks and citation omitted).

The case at hand was a straight-forward USERRA action with no novel issues of law. Accordingly, this Court should exercise its discretion to reduce each of the rates to a more reasonable amount. See e.g., Luciano v. Olsten Corp., 109 F.3d 111,116 (2d Cir. 1997) (noting that it is within the court's discretion to reduce unreasonable hourly fee rates). As indicated in the Declaration of Mr. Morris, counsel graduated law school in 2012, interned for a year, and began practicing in 2013. Based on counsel's years of experience, this Court should reduce his hourly rate from $600 per hour to $250, or below per hour for an associate or senior associate with four-

nine years of experience.  This reduction should be made in accordance with the forum rule which the Second Circuit has adopted.  Arbor Hill, 522 F.3d at 191 (stating that the prevailing rates of the community in which the district court sits must be referenced for purposes of determining a reasonable hourly rate).

###### ii. The **Arbor Hill** Factors Weigh Against Plaintiff's Counsel's Fee Demand

Plaintiff's counsel also failed to address the Arbor Hill factors exclusively set forth in the Second Circuit's opinion likely because an analysis of the factors weighs against Plaintiff's counsel's fee demand.

In Arbor Hill, the Court identified twelve factors as informing the reasonableness of an hourly rate as listed supra.  The simple fact remains that this was a single plaintiff employment litigation that did not involve any unique, novel questions of law. Defendants do not dispute that counsel are practiced and skilled attorneys; however, counsel cannot claim that no other employment litigator in New York could have achieved the same result: a settlement in a simple employment dispute.  Moreover, as the Court is fully aware, this single-Plaintiff litigation was not procedurally complex, involving a routine period of document discovery and only a handful of necessary depositions.  Neither side filed summary judgment or numerous motions in limine and/or other pre-trial motions.  However, the procedural history was only complicated with excessive, unnecessary motion practice of Plaintiff's counsel turning good faith discovery disputes into grounds for excessive motion practice.  Further, prosecuting a USERRA case can hardly be considered an "undesirable" task in light of the patriotic emotions such a case presents.  Counsel was not under any unusual "time limitations" other than those imposed by the Court.

Lastly, and perhaps most significantly, counsel does not reference any other awards in USERRA cases within this district or other districts because the reported awards are almost

7

uniformly lower than that requested by counsel in the present matter. See <u>Fink v. City of New York</u>, 154 F. Supp. 2d. 403, 415 (E.D.N.Y. 2001)(reducing award to $142,892.50 in fees); <u>Staub v. Proctor Hosp.</u>, No. 04-1219, 2008 WL 2001935 (C.D. Ill. May 7, 2008) (awarding $128,766 in fees ***through trial***); <u>Hance v. Norfolk Southern Ry. Co.</u>, No. 3:04-CV-160, 2007 WL 3046355 (E.D. Tenn. Oct. 16, 2007) (awarding $145,887.50 in fees); Fryer v. A.S.A.P. Fire & Safety Corp., F. Supp. 2d. 331 (D. Mass. 2010) (reducing award to $178,144.28 in fees).

Accordingly, the <u>Arbor Hill</u> factors do not warrant approval of an hourly rate in excess of $275 for counsel, particularly in light of the extensive case law in this District and this Court's own prior opinions in this area.

### B. The Hours Claimed are Excessive and/or Not Compensable

In addition to the unreasonableness of Plaintiff's counsels' demanded rates, counsels' time entries reveal numerous instances of excessive billing, vague and imprecise entries, and attorneys performing paralegal, law clerk, or other administrative tasks further supporting an across-the-board percentage reduction of the claimed fees.

### i. Plaintiff is Not Entitled to Recover Fees for Work That Was Unnecessary

Plaintiff's counsels seek fees attributable to hours of work expended on tasks that were performed without need or without successful result. Plaintiff's counsel asserts that Defendants engaged in delay tactics throughout this litigation when the opposite is true. By way of brief example Defendants waived service on October 23, 2018, via previous counsel. (See **Exhibit A**). The waiver was transmitted to Plaintiff's attorney via electronic mail on October 25, 2018. (See **Exhibit B**). Inexplicably on November 26, 2018 three of the five Defendants were personally served via process server. A copy of the Affidavit of Service of Defendants Morello, Roberts, and Cortes are attached hereto as **Exhibit C.** Thereafter Plaintiff wrote to Defendants multiple times

8

and attempted to seek reimbursement for service costs.  In response the undersigned asked for an explanation as to how it is possible to "un-waive" service.  (See **Exhibit D**).  Plaintiff never responded.

Plaintiff's untraditional litigation tactics continued throughout the course of this litigation. For example, Plaintiff propounded 241 requests for admissions which essentially mirrored the 300+ allegations in Plaintiff's Complaint.  (See ECF No. 1 Plaintiff's 302 paragraph, fifty page "verified" Complaint).

If Plaintiff wanted to engage in meaningful discovery, Plaintiff could have prepared well-crafted requests for admissions and requests for production of documents. Notwithstanding the unduly burdensome demands, the Defendants produced over 800 bate-stamped responsive documents.  Each time a good faith discovery dispute arose, Plaintiff's counsel requested judicial intervention and sanctions in the extremist forms insisting that Defendants are deliberately delaying the discovery process and intentionally refusing to cooperate.

Defendants filed their Answer through the undersigned counsel on December 7, 2018. Approximately three weeks after filing the Answer, Plaintiff's counsel drafted a "letter motion for [a] pre-motion conference regarding Defendants' inability to produce dates for a proposed scheduling order." (See ECF No. 16).  Despite the fact that counsel had only been involved in the instant matter for approximately three weeks, Plaintiff insisted on filing a "letter motion for [a] pre-motion conference" to the Court seeking premature judicial intervention regarding potential dates for the completion of discovery, initial disclosures, and depositions.  Plaintiff wished to scheduled dates for Defendants' depositions the first week of January, 2019 – prior to conducting paper discovery.

On January 1, 2019, the Honorable Arlene R. Lindsay, U.S.M.J. ("Judge Lindsay") scheduled an Initial Conference for January 30, 2019. Plaintiff's Request for Admissions and Demands for Production were deemed served the date of the Initial Conference. Plaintiff's Request for Admissions asked Defendants to ascertain the veracity of 241 requests some of which included questions of law, undefined terms, and otherwise indirect and unspecific requests. This is Plaintiff's tactic of over-litigation and imposing an undue burden on Defendants which has been consistent throughout the pendency of this litigation. A copy of Plaintiff's RFAs are attached hereto as **Exhibit E**.

As such, on March 1, 2019, the undersigned moved before Judge Lindsay for a Motion for Protective Order striking Plaintiff's 241 paragraph request for admissions or in the alternative limiting Plaintiff's request because they are mirror images of his 302 paragraph Complaint. (See ECF No. 19). Additionally, the parties met and conferred on March 4, 2019 and March 17, 2019, regarding additional time to respond to Plaintiff's voluminous discovery demands.

Following Plaintiff's Motion to Compel, on March 25, 2019, Judge Lindsay entered an Order as follows:

> Before the Court is the defendants' motion for a protective order seeking to strike Request No. 241 of the plaintiff's Request to Admit. The motion is denied, in part. The Court will not strike the request in its entirety; however, to the extent the request covers factual allegations that were set forth in the complaint and were already denied by the defendants in their answer, the defendants need not respond for the purpose of repeating their denial.
>
> [ECF No. 25]

- **Plaintiff's First Motion to Compel**

Thereafter on March 19, 2019 Plaintiff filed a letter Motion to Compel a response to Plaintiff's First Set of Document Demands. [ECF No. 21]. Defendants opposed Plaintiff's application and Judge Lindsay ordered:

> [b]efore the Court is the plaintiffs motion seeking to compel the defendants to produce responses to his documents demands, which were deemed to have been served as of the date of the initial conference on January 30, 2019. The plaintiff also seeks sanctions for the defendants' failure to do so. That motion is denied. Although the defendants acknowledge that their responses to the demands were due on March 1, 2019, the defendants contend that their response was delayed by 24 days due to the extensive number of documents sought by the plaintiff. Nonetheless, the Court has reviewed the responses annexed to the defendants' opposition letter and it certainly appears the defendants have now responded. Accordingly, the motion is denied as moot.

[ECF No. 25]

From March 2, 2019 through March 18, 2019, Plaintiff's counsel unnecessarily expended 6.4 hours preparing the motion to compel and seeking sanctions on an issue that was deemed moot based on the Defendant's responses. Further, the parties met and conferred in the interim to confirm the date in which responses would be received. Notwithstanding, Plaintiff's counsel continued his practice of over-litigating and turning a good faith discovery dispute into an opportunity for excessive motion practice and filed the Motion to Compel anyway.

- **Plaintiff's Second Motion to Compel and Request for Sanctions**

Consistent with Plaintiff's over-litigation and unduly burdensome tactics in turning a good-faith discovery dispute into an excuse for unnecessary motion practice, Plaintiff's counsel filed a "pre-motion conference letter" on April 29, 2019 to award "appropriate sanctions." (See ECF No. 26.) Despite meeting and conferring on March 28, 2019 and April 3, 2019, whereby the undersigned advised Plaintiff's counsel that certain requests within his voluminous demand

11

package required time to meet with the client and ascertain the appropriate custodians of records, Plaintiff filed the Motion anyway seeking discovery and sanctions. (See ECF No. 26). Thereafter, Defendants opposed Plaintiff's Motion and filed a Cross-Motion for a Protective Order. The Court ruled that "[t]o the extent the Plaintiff seeks to compel the defendants to produce a privilege log, that request is denied at this time." (See ECF No. 30). Further the Court held "[ ] the plaintiff's motion to compel the defendants to appropriately respond to his discovery demands and for sanctions is denied. Although the plaintiff has annexed a copy of the defendants' response to his application, counsel has not specifically stated what is wrong with the defendants' response other than to generically indicate that the response is incomplete." Id. Simultaneously, Judge Lindsay granted the Defendants' Motion for a Protective Order with respect to the personnel files of Clara Cortes, Robert Roberts, Christopher Valsamos, and Nicole Morello because Plaintiff failed to establish that the personnel files are directly related to any legitimate issue in the case. Id. This is consistent with Plaintiff's over-litigation and seeking documents that are overly broad, irrelevant, and seeking to unduly burden the Defendants in the discovery process.

- **Plaintiff's Emergent Motion to Compel**

Thereafter on June 4, 2019 Plaintiff filed an "emergency application" to compel the deposition of Defendant Robert Roberts at Plaintiff's attorney's office. (See ECF No. 31.) Defendants filed an opposition that same day despite the fact they had already confirmed Mr. Robert's deposition for the next day. (See ECF No.33). Thereafter Judge Lindsay entered an electronic order "denying 31 Motion to Compel." The Court noted:

> Notwithstanding plaintiff's objections, the deposition of defendant Roberts shall commence tomorrow, 6/5/19, at 12:00 p.m. **The Court has also been advised that counsel for the plaintiff has, on his own, scheduled a telephone conference for tomorrow at 9:30 a.m. without Court approval. The Court wishes to clarify that no conference has been scheduled**. Ordered by Magistrate Judge

12

Arlene R. Lindsay on 6/4/2019. (Miller, Dina) (Entered: 06/04/2019)

[No ECF number see **Exhibit "F"**][3]

On June 5, 2019, the undersigned produced Robert Roberts for a deposition. At the deposition, Plaintiff's counsel began recording the deposition with his personal video camera. Due to concerns, regarding authenticity, the continuation of recording candid "off the record" conversations, and improper manipulation of the video, a good faith discovery dispute arose following Mr. Roberts's deposition which necessitated the adjournment of Chris Valsamos's deposition. As such, Defendant's required time to make the appropriate application to the court for a Protective Order. On July 2, 2019, the undersigned produced Nicole Morello for a deposition. On July 17, 2019, the undersigned produced Chris Valsamos for a deposition. On July 19, 2019, the Plaintiff was deposed.

- **Deposition of John Roumbos and Plaintiff's Continued Motions to Strike**

Thereafter on July 22, 2019 Plaintiff moved to strike Defendants' answer or require the Defendants to show cause as to why they should not be required to produce Gina Valsamos and John Roumbos for a deposition on the two dates that counsel noticed for those depositions. (See ECF No. 42). Two days later, Plaintiff filed a second motion to strike Defendants' Answer based on the Defendants' alleged failure to adequately respond to the Plaintiff's document requests. On July 30, 2019 Judge Lindsay issued an order observing: "[b]efore the Court is the latest flurry of letter applications reflecting the parties' difficulties completing discovery in what is otherwise a noncomplex case." (See ECF No. 48). The Court denied Plaintiff's July 22nd Motion to strike because "Plaintiff's counsel noticed the depositions of Ms. Valsamos and Mr. Roumbos for July

---

[3] Despite the fact this entry does not have a corresponding ECF number, this Electronic Order can be found between ECF entries 33 and 34.

22 and July 23 on July 17, 2019 at 4:25 p.m. - giving the defendants only two days to arrange and prepare for the depositions." Further the Court remarked:

> **Counsel for the plaintiffs 'goto' position has been a motion to strike**. In lieu of a motion for harsh sanctions, the plaintiffs counsel should have first sought an extension of the July 29 discovery deadline from Judge Feuerstein to permit the deposition to go forward on one of those dates.
>
> The plaintiffs July 24 motion to strike is also denied as not in compliance with Local Rule 37.3. The instant letter motion is 18 pages **long far in excess of the page limitation** for such motions set forth in the Local Rules.
>
> [Id.]

Further and in compliance with Judge Lindsay's July 20, 2019 Order, the parties submitted supplemental letter briefs as directed. Upon further review, the Court ordered:

> Following the submission of an affidavit of Roumbos, the plaintiff has withdrawn its request for his deposition. The plaintiff's motion to strike the defendants' answer is denied in its entirety. **Counsel for the plaintiff is warned that any further submissions of frivolous motions may result in the imposition of sanctions.** Ordered by Magistrate Judge Arlene R. Lindsay on 8/13/2019. c/ecf (Imrie, Robert) (Entered: 08/13/2019)
>
> [See **Exhibit G**]

As noted by Judge Lindsay, over the course of this litigation, Plaintiff engaged in "frivolous motions." In this case, Plaintiff expended numerous hours on unnecessary, excessive, and unduly burdensome motion practice not made in good faith. As such, prior to applying an across the board reduction, Plaintiff's hours billed should be reduced approximately fifty hours for unnecessary motion practice.

### ii. Plaintiff Should Not Be Permitted to Recover Fees at Attorney Rates for Work That Should Have Been Performed by a Paralegal, Clerk, or Administrative Assistant

Counsel seeks recovery of fees at attorney rates for work that should have been delegated to and performed by a paralegal, law clerk, or administrative assistant. Courts do not hesitate to limit recovery for such work to the rate associated with the employee who should have performed the work. Davis v. N.Y. City Hous. Auth., No. 90 Civ. 628 & 92 Civ. 4873 (RWS), 2002 U.S. Dist. LEXIS 23738, at *11-12 (S.D.N.Y. Dec. 6, 2002) (reducing billable rate for paralegal task to $75/hour, noting such reduction is appropriate where an attorney performs "non-legal matters" such as cite checking, proofreading, file organization, and preparation of exhibits).

The Eastern District of New York has consistently observed $75.00 per hour as a reasonable rate which a reasonable client would be willing to pay for tasks performed by a paralegal. Fuerst v. Fuerst, No. 10-CV-3941, 2012 U.S. Dist. LEXIS 48545, at *9 (E.D.N.Y. Apr. 5, 2012). The courts have set lower hourly rates for law clerks and paralegals not yet admitted to the bar. For example, in Traymore Chemists, Inc., the court reduced the hourly rate for a law clerk not admitted to the bar from $185 to $75. See 130-cv-4070, 2014 U.S. Dist. LEXIS 118881, at *12 (E.D.N.Y. June 25, 2014). In another case, the court reduced a student law clerk's rate from $175 to $80. See Moore v. Houlihan's Rest. Inc., 07-cv-03129, 2011 U.S. Dist. LEXIS 64452, at *7-8 (E.D.N.Y. May 10, 2011).

The following tasks should have been completed by a law clerk or paralegal:

| Date | Hours | Task |
|---|---|---|
| 6/6/18 | .5 | Legal Research: NY Military Law |
| 6/16/18 | .9 | Editing[4]/Writing legal document – Complaint from VY Review |
| 6/17/18 | .5 | Editing/Writing/Reviewing legal document – Complaint from VY Review |

---

[4] Editing is a paralegal or law clerk task that should be given paralegal or law clerk rates.

15

| 6/25/18 | 1.2 | Editing/Writing/Reviewing legal document 0 Complaint and inserting relevant factual portions |
|---|---|---|
| 7/1/18 | .3 | Legal Research: Restatement, Second, Torts Section 575, notes |
| 8/24/18 | .4 | Pulling Previous Discovery requests – training DA |
| 8/25/18 | .4 | Legal Research: Reviewing Defamation Case Law; Rinaldi v. Holt, Rinehart & Winston Inc., 42 NY2d 369 (1977) |
| 8/26/18 | .5 | Legal Research: Serricchio 658 F.3d. 169, 174 (2d Cir. 2011) and cases citing same |
| 8/26/18 | .4 | Legal Research: USERRA, Aslanid's v. U.S. Lines |
| 8/26/18 | .4 | Legal Research: H.R. Rep. No. 103-65(I)(1993) 1994 U.S.C.C.A.N. 2449, 2454; S.R. Rep. No. 103-158, at 41 |
| 8/26/18 | .7 | Legal Research: re BOP; Gummo v. Village of Depew, 5 F.3d 98, 106 (2d Cir. 1996); Fink v. City of New York, 129 F. Supp. 2d 511, 520 (E.D.N.Y. 2001) |
| 8/26/18 | .4 | Legal Research: Breach of Contract Claims (Palmetto Partners L.P. v. AJW Qualified, 921 NYS2d 260 (2d Dept. 2011); JP Morgan Chase, 893 NYS2d 237 (2d Dept. 2010) |
| 8/26/18 | .5 | Legal Research: Consideration/Breach: Apfel v. Prudential-Bache Securities Inc., 81 NY2d 470 (1982) |
| 9/25/18 | 1.0 | Legal Research/Writing: Drafting COA list and what we need to prove in this case |
| 11/13/18 | .2 | Calendar Organization re: Defense Counsel |
| 12/18/18 | .3 | Pulling Rule 26 + conforming the same to this case |
| 12/21/18 | .4 | Drafting Legal Document: Exhibit A for Court: reviewing dates and making caption |
| 12/27/18 | .2 | Legal Proofing, reading, editing letter to Defendants |
| 12/27/18 | .3 | Review, Editing, Printing, Scanning, and Submitting the letter; Notes to File |
| 1/30/19 | 1.0 | Legal Research: FRCP and caselaw reviewing whether there are limitations as to the amount of RFA |
| 2/2/19 | .7 | Legal Research: FRCP 16, citing cases and the FRCP book notes regarding Defendants |
| 2/2/19 | .2 | Legal Research/Internet Research of Defense Firm |
| 2/2/19 | .4 | Legal Research/PACER on Defendants/Firm |
| 2/13/19 | .3 | Legal Research: On RFA, no limit to amount[5] |
| 2/13/19 | .3 | Legal Research: On Protective Orders |
| 2/22/19 | .1 | Pulling and printing Court Order |
| 2/24/19 | .3 | Legal Research: Rule 4 and waiving service |

---

[5] This is a double entry. See 1/30/19.

| 3/2/19 | .2 | Legal Research: Pulling all cases defense counsel cited in letter motion; reviewing same |
|--------|----|---|
| 3/2/19 | .5 | Legal Research: Uto v. Job Site Servs. Inc., 269 F.RD 209, 211 (E.D.N.Y. 2010 and cases cited |
| 3/2/19 | .8 | Legal Research: Thomas v. Int'l Business Machs; Seattle Times Co v. Rhinehart, Cartel Asset Mgmt v, Ocwen Fin. Com. |
| 3/2/19 | .8 | Legal Research: Defendants cite Byoden v, Trok, Williams v. Bd. Of County Comm'rs, reviewed both |
| 3/2/19 | .4 | Legal Research: Defendants cite Cartel Asset Mgmt v. Ocwen Fin. Com; reviewed but inapplicable |
| 3/2/19 | .4 | Legal Research" Protective Orders, reviewing rule and decisions in FR Book Annotations |
| 3/4/19 | .3 | Legal Research: Rule 26; citing cases |
| 3/4/19 | .5 | Legal Research: Protective Order (Gambale, in re Agent Orange etc.) opposition |
| 3/15/19 | .3 | Legal Research: Supporting Pre-Motion Letter to Judge (Cases) |
| 4/21/19 | .8 | Legal Writing: Entering Interrogatory Information from Client and preserving the same for after objections are issued and resolved |
| 4/21/19 | .5 | Legal Writing: Listing and Integrating the objections for each of the Interrogatory Responses |
| 4/22/19 | .5 | Legal Writing: Entering Document Demands, organizing the same |
| 4/28/19 | .5 | Legal Writing: Pulling Exhibits and Timeline for Pre-Motion letter |
| 5/6/19 | .5 | Legal Research: discovery cases citing ARL and dispute in the EDNY 2015-current |
| 5/7/19 | 1.5 | Legal Research: RFA and impact of denying something later proven at trial; fees; sanctions for RFA violation, etc. |
| 5/16/19 | .5 | Legal Research: case law regarding deficiencies in responses |
| 5/17/19 | .3 | Legal Research: Local Rules and Form of Motion USMJ is referring to as would be appropriate |
| 6/4/19 | .5 | Legal Research: Regarding Emergency Application |
| 6/12/19 | .9 | Legal Research: Pulling/reviewing FRCP 30(b)(A), FRCP 28(a)(1)(A) and FRCP 28(c) case notes |
| 6/12/19 | 1.2 | Legal Research: Recording cases A-OK in several other jurisdictions |
| 6/12/19 | .5 | Legal Research: Pulling and reading Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973); Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). |
| 6/18/19 | 1.0 | Legal Research: cases citing camera/use of table top camera |
| 6/26/19 | .3 | Legal Research: citing cases for sanctions of Defendants |
| 6/29/19 | 1.0 | Deposition Preparation: Pulling every document with Morello name |
| 6/29/19 | .5 | Reviewing and marking documents for exhibits |

| 7/2/19 | .5 | Legal Research: Contempt/MTS; Defendants represent that client is in Ecauador but requested on/before date at same time |
|---|---|---|
| 7/3/19 | 1.0 | Legal Research: Motion to Strike, Cases cited by SJF, 2nd Cir |
| 7/3/19 | .3 | Legal Research: NYLJ article re: SJF dismissal of case to due to counsel's failure to arrive timely |
| 7/3/19 | .2 | Legal Research: 2nd Circuit decision on SJF dismissal |
| 7/5/19 | .5 | Legal Research – cases from ARL/SJF on motions to strike |
| 7/5/19 | .5 | Legal Research – ADP cases, re: Motion to Strike |
| 7/5/19 | 1.2 | Legal Writing: Creating a deposition digest of Robert Roberts[6] |
| 7/6/19 | .3 | Legal Research and notes on Wu case |
| 7/6/19 | .8 | Legal Drafting: Continuing Roberts Deposition Digest |
| 7/10/19 | .2 | Legal Research: Minor re: contempt/sanctions |
| 7/11/19 | .2 | Legal Writing: Cover Letter re Service |
| 7/11/19 | .6 | Legal Research: Agiwal v. Mid Island Mortg. Corp. 555 F.3d 298- Court of Appeals 2nd Cir. 209; Joint Stock Company Channel One Russia Worldwide v. Infomir LLC SD |
| 7/11/19 | .3 | Legal Research: Tessemae's LLC v. Atlantic Capital LLC, Dist. Court SD New York 2019 |
| 7/13/19 | 1.0 | Legal Research/Online Research of CEO of Castella Imports |
| 7/13/19 | .5 | Reading/Review other cases on PACER regarding Castella Imports |
| 7/17/19 | .3 | Legal Research/Internet: Castella Imports Website/Google reviewing information on the internet |
| 7/17/9 | .4 | Legal Research/Internet Research: going through the HIA website re: publicity etc. |
| 7/23/19 | .5 | Reviewing Local Rules of Civil Procedure regarding filing of a motion to compel |
| 7/25/19 | .3 | Legal Research: Review of Quaker case cited by Defendants |
| 7/31/19 | 2.0 | Legal Research: Review of Defendants' Case Law[7] |
| 8/1/19 | .3 | Legal Research: Check citations and pulling briefs for Rule 37 portion of brief |
| 8/2/19 | .4 | Legal Writing/Legal Research: Shepherdizing new cases |
| 8/2/19 | .2 | Legal Writing: Cover letter to Defendants |
| 9/20/19 | .5 | Legal Research: NY and Model Ethical Rules regarding client communications |

---

[6] Notwithstanding Plaintiff's vague time entries and lack of description, the undersigned is assuming a "deposition digest" is the equivalent of a deposition transcript summary for ease of reference for the attorney later on. As such, that should be deemed a paralegal or law clerk task.

[7] For ease of reference, the undersigned combined the six separate entries on 7/31/19 into one entry because each one researched a separate case.

| 9/23/19 | .4 | Legal Research: FRE Objections concerning documents |
|---------|-----|-----------------------------------------------------|
| 9/23/19 | .4 | Legal Research: Missing Witness Charges |
| 9/23/19 | .7 | Legal Research: Adverse Interference |
| 9/23/19 | 1.5 | Legal Research: Discovery Sanctions re litigation hold notice |
| 9/27/19 | .5 | Legal Research: USERRA in EDNY, no recent cases/trial cases – need to revisit with local counsel; notes to file; Saturday review of everything |
| 9/29/19 | .5 | Special Damages under USERRA |
| 10/5/19 | .5 | Legal Research: FRE unfairly prejudice, reviewing case law regarding purported sexual harassment |
| 10/5/19 | .5 | Legal Research: EDNY case law- unfounded sexual harassment charges should not come in |
| 10/5/19 | 1.2 | Legal Research: Emotional distress of service member? Special damages for the discrimination of service members? |
| 10/5/19 | .3 | Legal Research re: SJF, JFB Motion in Limine Standard |
| 10/6/19 | 1.0 | Legal Research: retaliation under USERRA, elements, and citations |
| 10/6/19 | .5 | Legal Research: Reviewing Other circuit USERRA sample jury instructions |
| TOTAL | 49 | |

Because these tasks, each of which were undeniably administrative, clerical in nature, or should have been performed by a paralegal or law clerk, Defendants submit that the Court should permit Plaintiff to recover for these 49 hours of time, if at all, at the appropriate paralegal rate in this forum of $75.00 per hour.

### iii. Plaintiff's Counsel's Fees Should Be Further Reduced Because Counsel's Time is Recorded in Vague "Block-Billing" That Does Not Permit an Adequate Evaluation of Actual Time Spent on Compensable Activities

Plaintiff's demand for attorneys' fees should be further reduced because counsel's time entries contain imprecise, vague time entries and "block billing," which make it impossible to determine how much time was spent on appropriate attorney tasks, duplicative or unnecessary tasks, clerical tasks, or other details necessary to evaluate the reasonableness of Plaintiff's application.

It is well-settled that where, as here, counsel relies on vague/excessive entries or block billing practices which make it difficult for a court to assess reasonableness, an across-the-board fee reduction is warranted. <u>Anderson v. Cty. of Suffolk</u>, No. CV 09-1913, 2016 U.S. Dist. LEXIS 48891, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *see* <u>Barbu</u>, 2015 U.S. Dist. LEXIS 21874, 2015 WL 778325, at *5 (imposing a 33% reduction in total hours based upon vague entries and block billing); <u>Caban v. Employee Sec. Fund of the Elec. Products Indus. Pension Plan</u>, No. 10-CV-0389, 2015 U.S. Dist. LEXIS 158292, at *8 (E.D.N.Y. Nov. 23, 2015) (33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); <u>Gagasoules v. MBF Leasing LLC</u>, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (40% reduction due to vague and unrelated entries*);* <u>DeVito v. Hempstead China Shop, Inc</u>., 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

Here, the majority of Plaintiff's counsel's time entries consist of legal research without any purpose (see chart above where counsel does not indicate what the legal research is form). Further, the entries consist of generalities that are impossible to assess for reasonableness such as: "discussion with VY," "discussion with client," "Drafting letter to Hon. Judge Lindsay (2pgs with detail)," "Pre-Motion Discovery letter," and "legal writing – deficiencies in defendants' responses." Additionally, Plaintiff provides for duplicative and unnecessary billing such as billing for proofreading the same document multiple times without detailing what is being reviewed. Such vague time entries are not only duplicative, but also make it impossible for this Court to determine

whether these hours were spent doing paralegal or clerical tasks too. This lack of specificity provides an additional basis for an across-the-board reduction of fees, after reasonable hourly rates are applied and unnecessary or non-compensable time is eliminated. See cases cited supra Legal Argument I (b)(iii), applying across the board reductions for block-billing and vague time entries.

## II.    CONCLUSION

It is for the reasons set forth above, Defendants respectfully request that this Court: (i) reduce the hourly rate of Plaintiff's counsel to $250 or below; (ii) decline to award attorneys' fees for excessive time entries and for non-compensable tasks that were unnecessary and part of Plaintiff's pattern of over-litigating; (iii) decline to award fees for tasks that should have been completed by a paralegal or law clerk or in the alternative reduce the hourly rate for the forty-nine (49) hours of work that should have been completed by a paralegal or law clerk to $75 per hour; (iv) apply a 33% across-the-board reduction to the requested attorneys' fees to account for vague, duplicative, and unnecessary time expenses; and (v) for such other relief as this Court may deem just and proper.

Respectfully submitted,

By:    s/ Christopher S. Del Bove
        Christopher S. Del Bove, Esq.
        Mitchell Ayes, Esq.
        CALLAHAN & FUSCO, LLC
        103 Eisenhower Parkway, Suite 400
        Roseland, NJ 07068
        Tel: (877) 618-9770
        Fax: (973) 618-9772
        Email: cdelbove@callahanfusco.com
        Email: mayes@callahanfusco.com

Dated: January 13, 2020